**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                            Case No. 08-CR-172

**MILTON McCAIN**
        **Defendant.**

---

## SENTENCING MEMORANDUM

Defendant Milton McCain pleaded guilty to using a telephone to facilitate a felony drug offense, contrary to 21 U.S.C. § 843(b), and I set the case for sentencing. In imposing sentence, I first calculated the advisory sentencing guideline range, then determined the ultimate sentence under all of the factors set forth in 18 U.S.C. § 3553(a). E.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

### I. GUIDELINES

The parties agreed that defendant's offense involved 14 grams of crack cocaine, producing a base offense level of 24 under U.S.S.G. § 2D1.1(c). The parties further agreed that defendant qualified for a 3 level reduction for acceptance of responsibility under § 3E1.1, producing a final offense level of 21. Coupled with defendant's criminal history category of IV, level 21 produced an imprisonment range of 57-71 months. However, because the offense of conviction carried a statutory maximum of 4 years, 48 months became the default guideline range. See U.S.S.G. § 5G1.1(a).

## II.  SENTENCE

**A.    Section 3553(a) Factors**

Section 3553(a) directs the district court to consider the following factors in imposing sentence:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the advisory guideline range;

(5)   any pertinent policy statements issued by the Sentencing Commission;

(6)   the need to avoid unwarranted sentence disparities; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The court must, after considering these factors, impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant.  Id.  While the district court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall v. United States, 128 S. Ct. 586, 594 (2007), it must consider the parties' arguments and

determine an appropriate sentence "'without any thumb on the scale favoring a guideline sentence,'" United States v. Allday, 542 F.3d 571, 573 (7th Cir. 2008) (quoting United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007)). The court is free to impose a sentence above or below the guideline range so long as it adequately sets forth reasons, consistent with the § 3553(a) factors, for finding the sentence appropriate for the particular defendant. United States v. McKinney, 543 F.3d 911, 913-14 (7th Cir. 2008) (citing United States v. Castro-Juarez, 425 F.3d 430, 436 (7th Cir. 2005)).

**B.   Analysis**

   **1.   The Offense**

Pursuant to its investigation of a large-scale drug trafficking conspiracy, the government obtained a wiretap for the phone of one of the main players, pursuant to which it intercepted about sixty-five calls involving defendant over a roughly two month period. Many of the calls were non-pertinent, but a hand-full were drug-related, including an April 27, 2008 call during which defendant ordered ½ ounce, or 14 grams, of cocaine base on behalf of another person. Defendant received $50 for middling the deal.

   **2.   The Defendant**

Defendant was thirty-seven years old, with a prior record consisting mainly of minor drug offenses: possession of valium in 1993, possession of marijuana in 1994, possession of cocaine – 2d offense in 2003, disorderly conduct in 2004, loitering in 2004, and two counts of delivery of cocaine in 2006. A state court sentenced him to 2 ½ years in prison on the 2006 offenses, followed by 3 years extended supervision. That case involved a small amount of crack, less than 1 gram. Defendant was released from state prison in May 2007 and was

3

arrested in this case in January 2009, leading to his revocation and a 1 year prison sentence on each count concurrent, a sentence he was serving at the time he appeared before me.

There were positives during defendant's recent period in the community. A high school graduate, he held a job at a furniture store as a floor supervisor from July 2007 to January 2009, and performed well according to the letter I received. Defendant had been in a stable relationship and had a one year old child with his girlfriend, with whom he lived before his arrest.

Defendant admitted a history of substance abuse, including cocaine and marijuana, which was confirmed both by his record and by some positive drugs tests while on state supervision. This issue required further attention, as defendant had not previously completed a substance abuse treatment program.

### 3. The Guidelines and Purposes of Sentencing

The guidelines recommended 48 months in prison, but defendant made various arguments for a lesser sentence. He first noted that the range was based on the guidelines' disparate treatment of crack as opposed to powder cocaine. If the case had involved powder, the base level would have been 12 rather than 24, and the range 15-21 rather than 57-71 months (reduced to 48 under U.S.S.G. § 5G1.1(a)). District courts are free to conclude that the ratio reflected in the crack guideline produces a sentence that is greater than necessary, even in a mine-run case, see Spears v. United States, 129 S. Ct. 840 (2009); Kimbrough v. United States, 128 S. Ct. 558 (2007), and I found the enhanced range greater than necessary in this case.

In addition to the general problem with the crack guideline, I noted that this case did not appear to present any of the circumstances that originally motivated Congress to impose

4

harsher penalties for crack – no violence, weapon possession or other harmful secondary effects on the community associated with the crime. See United States v. Willis, 479 F. Supp. 2d 927, 934-36 (E.D. Wis. 2007). The circumstances of this case, and defendant's prior drug case, which as indicated involved less than 1 gram of crack, suggested that he was a very low level street dealer. See United States v. Jackson, 537 F. Supp. 2d 990, 993 (E.D. Wis. 2008).

I also noted that defendant's role in the offense of conviction was essentially to middle a deal for another person, for which he received $50. The guidelines rely heavily on weight in drug cases, to the exclusion of perhaps more important considerations such as the defendant's role in the operation. See United States v. Thomas, 595 F. Supp. 2d 949, 952 (E.D. Wis. 2009). As defendant also noted, despite the fact that the government captured dozens of calls on the wiretap, only four pertained to drugs. The record in this case indicated that defendant and the principal in the conspiracy had been friends for many years, and defendant knew he could contact him to obtain drugs.

Defendant's second primary argument was that his criminal history category overstated the severity of his record. See U.S.S.G. § 4A1.3(b). As discussed above, defendant had a fairly significant prior drug-related record. However, I noted that the distribution case from 2006 involved less than 1 gram of crack and profits of less than $100, but nevertheless resulted in a total of 6 criminal history points – 3 for the original sentence, 2 points because he was on supervision when he committed this offense, and 1 point because he committed this offense less than 2 years after his release. I concluded that 6 points was more than this relatively minor offense could support.

Defendant argued that his 2003 felony possession case, which scored 2 points, also overstated his record, but I did not agree with that. He had two other possession cases, which

5

did not score, and I could not conclude that the state's decision to make this case a felony under a recidivist statute resulted in an overstatement.

Overall, though, defendant's record was indicative of someone with a drug problem, who dealt small amounts in addition to using. With treatment and monitoring, his risk of re-offending would decrease. It was also true, as defendant pointed out, that he lacked a history of violence or weapon possession. See, e.g., United States v. Moore, No. 06-CR-117, 2007 WL 1728667, at *3 (E.D. Wis. June 13, 2007) (collecting cases granting guideline departures or variances under similar circumstances).

Defendant further noted his expression of remorse and provision of a full statement on his arrest. Although these factors were in large part accounted for in the U.S.S.G. § 3E1.1 reduction, I also considered them under 18 U.S.C. § 3553(a). See United States v. Knox, 573 F.3d 441, 453 (7th Cir. 2009). I also took into account defendant's work record and family situation.

Finally, I considered the fact that defendant's state supervision had been revoked and a 1 year sentence imposed by the state court, based on the same conduct that was before me. While the guidelines recommend a consecutive term when the undischarged sentence is based on a revocation, see U.S.S.G. § 5G1.3 cmt. n.3(C), the Seventh Circuit has acknowledged that a concurrent term is reasonable when the revocation is based on the instant offense conduct, see United States v. Huusko, 275 F.3d 600, 603 (7th Cir. 2001). The government recommended a concurrent term in this case, which seemed appropriate under the circumstances.

Were it not for the state revocation sentence, I likely would have imposed a prison sentence of 12-15 months in this case, which would generally be consistent with the guideline

6

range for powder cocaine and taking into account the other factors discussed above. However, I also had to consider defendant's correctional treatment needs. Because the instant offense was a class E felony, I was limited to 1 year of supervised release after imprisonment. See 18 U.S.C. § 3583(b)(3). With a probationary sentence, however, I was authorized to order supervision for up to 5 years. See 18 U.S.C. § 3561(c). Whatever I did in this case, defendant was going to serve 1 year of imprisonment based on the conduct before me. Therefore, I could have imposed a duplicate year or year and a half, followed by 1 year of supervision; or up to 5 years probation, which would commence after defendant's release from state prison. See 18 U.S.C. § 3564(b) (providing that a term of probation does not run while the defendant is imprisoned). The latter sentence allowed me to better address defendant's treatment needs, ensure that he stayed on the right track, and provide monitoring to ensure that he did not slip back into drugs, for a much longer period, without depreciating the punitive effect. I found this the better option. In order to ensure necessary punishment and structure, I ordered a period of home confinement as a condition of probation. This sentence was, under the circumstances, sufficient to satisfy all of the purposes of sentencing under 18 U.S.C. § 3553(a)(2).

## III. CONCLUSION

Therefore, I placed defendant on probation for a period of 5 years. Based on his financial situation, I determined that defendant lacked the ability to pay a fine and so ordered community service under 18 U.S.C. §§ 3563(a)(2) & (b)(12) in lieu of the fine. As conditions of supervision, I required defendant to participate in drug testing and treatment; perform 20 hours of community service work per year, for a total of 100 hours; and comply with the conditions of home confinement for a period not to exceed 180 consecutive days. Other terms

7

and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge